LAYMAN
v.
THROP.

*Wednesday,
December* 15.

---

## LAYMAN *v.* THROP.

Where premises were leased for the term of one year from the first of *March*, 1855, *held,* that the tenancy determined on the first of *March*, 1856; and that, under the statute (2 R. S. p. 242, § 5), the tenant was not entitled to notice to quit; and that the landlord may proceed, under § 1, 2 R. S. p. 490, to remove him.

*Wednesday,
December* 15.

APPEAL from the *Clark* Court of Common Pleas.

DAVISON, J.—This action was commenced before a justice of the peace, and is founded upon the statute relative to the "unlawful detention of lands," &c. Section 1 of that statute enacts, "That, whenever in pursuance of legal notice, or otherwise, any landlord, or his legal representa-

tive, shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over, removed from such lands, on complaint before a justice of the peace," &c. 2 R. S. p. 490.

*Layman* was the plaintiff below, and *Throp* the defendant. The complaint alleges that the defendant is wrongfully in the possession of certain real estate (describing it), which he claims to hold as tenant of the plaintiff. It is averred that his, defendant's, term as such tenant has expired, and that he wrongfully keeps the plaintiff out of possession, &c. Before the justice, there was a judgment for the plaintiff, from which the defendant appealed. In the Common Pleas, the cause was submitted to the Court, who found for the defendant. Motion for a new trial denied, and judgment, &c.

The record avers that the Court rested its decision upon the ground that the plaintiff, by reason of his want of diligence, had waived his right to bring his action against the defendant for the recovery of the premises described in the complaint.

It was proved that the plaintiff leased the premises in question to the defendant for the term of one year from the first of *March*, 1855, at and for the rent of 40 dollars, to be paid at the end of the year, when the premises leased were to be surrendered up to the plaintiff; that on the said first of *March*, the defendant took possession, and occupied under the lease during the term, but failed to surrender the possession at the expiration thereof; and that on the 15th of *March*, 1856, plaintiff called on the defendant and requested him to deliver up the premises, but he refused, and as a reason for such refusal, stated that he was entitled to three months' notice. The present suit was instituted on the first of *April*, 1856.

We have a statute which says: "Where the time for the determination of a tenancy is specified in the contract, or where the tenant commits waste, or in case of a tenant at sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be

Nov. Term,
1858.

necessary." 2 R. S. p. 242, § 5. See, also, *McClain* v. *Doe*, 5 Ind. R. 237; *Myerson* v. *Neff*, *id.* 523.

Here, the premises were leased to the defendant for the term of one year from the first of *March*, 1855. Hence, by the terms of the lease, the tenancy was to determine on the first of *March*, 1856. The defendant was not, therefore, entitled to notice to quit. Nor is there anything in the evidence tending to show that the plaintiff assented, either expressly or impliedly, that the defendant should continue in the occupation of the premises after the lease had expired. In view of the case made by the record, we perceive no ground for the conclusion that the plaintiff had waived his right to proceed to remove the tenant under the statute. 4 Kent's Comm. 120, *et seq.*

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*G. W. Wiltse*, for the appellant.